# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**CHRISTIAN RAMOS,**
Movant,

-vs-

**UNITED STATES OF AMERICA,**
Respondent.

Case No. A-17-CA-666-SS
[No. A-14-CR-300(2)-SS]

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Christian Ramos's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#966] and the Government's Response [#971] thereto. Having reviewed the file, the documents, and the governing law, the Court now enters the following.

### Background

On October 7, 2014, Movant Christian Ramos, along with twenty-one co-conspirators, was charged in an eight-count indictment with conspiracy to possess with intent to distribute a controlled substance (Count One) and three counts of possession with intent to distribute cocaine (Counts Two, Three, Five, and Seven) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C), and 18 U.S.C. § 2. Ramos pled guilty to Count Two of the indictment pursuant to a plea agreement on April 15, 2015. On June 11, 2015, this Court sentenced Ramos to 151 months' imprisonment followed by a five-year period of supervised release. *See* J. & Commitment [#747].

On June 18, 2015, Ramos filed a *pro se* notice of appeal and a motion for appointment of counsel. *See* Notice Appeal [#787]; Mot. Appoint Counsel [#788]. On July 1, 2015, Ramos filed

a motion to withdraw the *pro se* notice of appeal, which the Court granted on July 7, 2015. *See* Agreed Mot. Withdraw [#802]; Order of July 7, 2015 [#808]. On October 14, 2015, the Fifth Circuit dismissed Ramos's appeal for want of prosecution. J. [#878].

Ramos mailed his first § 2255 motion on February 26, 2016, claiming his lawyer provided ineffective assistance of counsel because the lawyer filed a motion to withdraw the appeal. *See* Mot. Vacate [#808] at 4. The Court held an evidentiary hearing on June 3, 2016. During the hearing, Ramos dismissed his first § 2255 motion. *See* Hr'g Tr. [#969] at 4; *see also* Order of June 3, 2016 [#898].

Approximately a year later, on June 15, 2017, Ramos executed a second § 2255 and placed it in the prison mailing system. Second Mot. Vacate [#966].

**Analysis**

**I.  Legal Standard**

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States*

*v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

Furthermore, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for filing a § 2255 motion. 28 U.S.C. § 2255(f). Specifically, § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

## II. Application

Ramos's claims are time-barred. The record does not reflect any unconstitutional governmental action impeded Ramos from filing for relief before the limitations period expired. *See id.* § 2255(f)(2). Nor do any of the claims raised by Ramos concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* § 2255(f)(3). Ramos offers no reason why his § 2255 claims or the facts supporting these claims could not have been discovered "through the exercise of due diligence" within the one-

year limitation period. *See id.* § 2255(f)(4). Accordingly, Ramos's § 2255 motion is governed by subsection (1) of § 2255(f). *See id.* § 2255(f)(1).

The judgment of conviction becomes final when either direct review ends or the time to pursue direct review ends. *See Clay v. United States,* 537 U.S. 522, 524–525 (2003) (finding a judgment final when the applicable period for seeking direct review expires); *United States v. Gamble,* 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam) (recognizing the development of the majority rule that a conviction becomes final when a defendant's options for further direct review are foreclosed, whether or not those options have been pursued). When a defendant takes an unsuccessful direct appeal, but does not petition the Supreme Court for writ of certiorari, the judgment becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay,* 537 U.S. at 525. A petition for writ of certiorari may be filed within 90 days after entry of the appellate court's judgment. SUP. CT. R. 13(1).

In this case, Ramos's conviction became final on January 12, 2016, 90 days after the entry of the Fifth Circuit's judgment. Ramos then had until January 12, 2017, to file a § 2255 motion. Ramos placed his first § 2255 motion in the mail on February 26, 2016, but voluntarily dismissed his first motion on June 3, 2016. At that time, Ramos had over seven months to a file a new § 2255. However, he waited for over a year to file his second § 2255. At the earliest, Ramos filed his second § 2255 motion on June 15, 2017, well past the one-year limitation period. *See Dodd v. United States,* 545 U.S. 353, 359 (2005) ("The limitation period . . . applies to 'all motions' under § 2255, initial motions as well as second or successive ones."). Consequently, Ramos's second § 2255 motion is time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing § 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The United States Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Ramos's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Christian Ramos's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#966] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 6th day of November 2017.

                                                          SAM SPARKS
                                                          UNITED STATES DISTRICT JUDGE